**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                                                  No. 10-CR-00056-JAP

ADAM FROST,

      Defendant.

**Memorandum Opinion and Order Vacating Jury Verdict of Guilty as to Count Two**

On October 27, 2010, a jury found Defendant Adam Frost guilty on one count of aggravated sexual abuse (Count One) and one count of abusive sexual contact (Count Two). The jury was instructed that it should find Defendant guilty on Count One if it found, among other things, that Defendant "penetrat[ed], however slight, . . . the genital opening of another [with] a finger with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." The jury was instructed that it should find Defendant guilty on Count Two if it found that Defendant knowingly, and without permission, "intentional[ly] touch[ed], either directly or through the clothing, . . . the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, or arouse or gratify the sexual desire of any person." Because Count Two appears to be a lesser included offense of Count One, and because punishment for both a greater and a lesser included offense violates the Double Jeopardy Clause, the Court *sua sponte* addresses whether the jury's guilty verdict as to Count Two should be vacated.

The Double Jeopardy Clause protects defendants against, amongst other things, "multiple punishments for the same offense." *Anderson v. Mullin*, 327 F.3d 1148, 1153 (10th Cir. 2003).

The test to determine "whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment" is "'whether each provision requires proof of an additional fact which the other does not.'" *Brown v. Ohio*, 432 U.S. 161, 166 (1977) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Where a defendant is charged with both a greater offense and a lesser included offense, "[t]he greater offense is . . . by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." *Id.* at 168.

The Tenth Circuit Court of Appeals considered whether abusive sexual contact is a lesser included offense of sexual abuse in *United States v. Castillo*, 140 F.3d 874, 886 (10th Cir. 1998). The defendant in *Castillo* had been convicted of two counts of sexual abuse under 18 U.S.C. §2242 and argued that the jury should have been instructed that it could convict him of the lesser included offense of abusive sexual contact. The Tenth Circuit rejected the defendant's argument because abusive sexual contact "contains a specific element that" sexual abuse does not have—an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of another person. *Id.* Since abusive sexual contact requires a different intent than sexual abuse, the Tenth Circuit held that "the crime of abusive sexual contact is not a lesser included offense of the crime of sexual abuse." *Id.*

Notably, the defendant in Castillo was charged separately with two counts of penile sexual abuse and one count of digital sexual abuse. The Defendant appealed only the district court's refusal to give a lesser included offense instruction on the penile sexual abuse charge. Penile sexual abuse occurs upon penetration, however slight, between the penis and the vagina or anus. In contrast, digital sexual abuse occurs upon the "penetration, however slight, of the anal or genital opening of another by a hand or finger . . . with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. §2246(2)(A) and (C).

Thus, digital sexual abuse, unlike penile sexual abuse, *does* contain the same intent requirement

needed to prove abusive sexual contact.  In a footnote, the Tenth Circuit noted that the district

court had given an instruction to the jury that abusive sexual contact *is* a lesser included offense

of digital sexual abuse and that the Tenth Circuit was not deciding "whether digital sexual

contact is a lesser included offense of digital sexual abuse."  *Id.* at n.4.

In this case, unlike *Castillo*, the United States did not differentiate between penile and

digital abuse.  Rather, the United States charged Defendant generally with aggravated sexual

abuse and listed as an element of that offense both penile and digital penetration.  Thus, unlike

*Castillo* where sexual abuse did *not* require a finding that the defendant had an intent to abuse,

humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, the jury here was

permitted to consider the same intent element on both Count One and Count Two. Because

Count Two contained the same intent requirement as Count One, Count Two, as charged by the

Government and submitted to the jury, is a lesser included offense of Count One.

Despite the fact that the jury returned a guilty verdict on both a greater and a lesser

included offense, and the fact that a "greater offense is . . . by definition the 'same' for purposes

of double jeopardy as any lesser offense included in it," *Brown*, 432 U.S. at 168, the mere fact

that a jury has returned a guilty verdict does not violate the Double Jeopardy Clause.  The

Double Jeopardy Clause protects defendant's from "multiple punishments for the same offense."

*Anderson v. Mullin*, 327 F.3d 1148, 1153 (10th Cir. 2003).   Because this protection relates only

to punishment, the United States is permitted to charge a defendant with both a greater and a

lesser included offense and is permitted to submit both charges to a jury without violating the

Double Jeopardy Clause.  *See Ball v. United States*, 470 U.S. 856, 861 (1985).  However, when a

jury returns a guilty verdict on both counts, a defendant's double jeopardy rights are violated if

the defendant is convicted and sentenced on both counts.  *See id*. at 864 (explaining that multiple

convictions for the same conduct violates a defendant's rights even if no sentence is imposed for

one of the convictions or if the two sentences are concurrent). When a jury returns a verdict on

both a greater and a lesser included offense, the United States Supreme Court has instructed

district courts to exercise "discretion to vacate one of the underlying convictions" to avoid

violating the double jeopardy clause. *Id.* at 865 (explaining that "[i]f, upon the trial, the district

judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct

the jury as to the elements of each offense.  Should the jury return guilty verdicts for each count,

however, the district judge should enter judgment on only one of the statutory offenses").

The Court concludes that, as charged and submitted to the jury in this case, abusive

sexual contact, Count Two, is a lesser included offense of aggravated sexual abuse, Count One.

Because a judgment of conviction on both Counts would violate the Double Jeopardy Clause of

the United States Constitution, the Court should vacate the jury's guilty verdict on Count Two,

abusive sexual contact, and the Court should enter judgment only on the jury's guilty verdict as

to Count One, aggravated sexual abuse.

IT IS ORDERED THAT:

(1)     The jury verdict of guilty on Count Two for abusive sexual contact is vacated;
        and

(2)     A judgment of guilty will be entered only on Count One for aggravated sexual
        abuse.

_____
SENIOR UNITED STATES DISTRICT JUDGE